**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JOSE ANDUJAR,
                       Petitioner,

        v.                                        No. 03-CV-108
                                                       (LEK/DRH)
R. McGINNIS,
                       Respondent.
_____

**APPEARANCES:**                              **OF COUNSEL:**

JOSE ANDUJAR
Petitioner Pro Se
No. 82-A-2454
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871

HON. ELIOT SPITZER                STEPHEN H. SCHWARTZ, ESQ.
Attorney General for the             Assistant Attorney General
   State of New York
Attorney for Respondent
Department of Law
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Petitioner pro se Jose Andujar ("Andujar") is currently an inmate in the custody of

---

     [1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

the New York State Department of Correctional Services (DOCS) at Southport Correctional Facility.  Andujar was found guilty on January 19, 2000 of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the third degree, and promoting prison contraband in the first degree after a jury trial in Greene County Court and was sentenced to a twenty-year term of imprisonment.  Andujar now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that (1) the trial court violated the Sixth Amendment by allowing the prosecution to question the victim about his grand jury testimony, and (2) his Fourteenth Amendment rights were violated when he was sentenced based on incorrect information regarding a previous conviction.  For the reasons which follow, it is recommended that the petition be denied.

**I. Background**

On June 9, 1999, Andujar was an inmate at Coxsackie Correctional Facility in Greene County, New York due to a previous felony conviction.  At approximately 8:17 a.m. while in the South Mess Hall, Andujar left his place in line, approached Chimu Thomas ("Thomas"), another inmate, from behind, and attacked him with a metal shank.  T.191-92.[2]  The attack occurred while Thomas was seated eating his breakfast. Andujar struck Thomas several more times with the weapon as Thomas attempted to protect himself and escape.  Andujar was eventually subdued by two corrections officers. T. 195-99, 238, 252. Thomas was unconscious when he was taken to Albany Medical Center for treatment. Three corrections officers witnessed the assault and identified Andujar as the assailant.

---

[2]"T." followed by a number refers to the page of the transcript of Andujar's state court trial filed with respondent's answer.  Docket No.7.

2

T. 425-31.

At the hospital, Thomas was treated for multiple stab wounds to the chest and abdomen that resulted in a collapsed lung on the left side, internal bleeding, and lacerations to the liver, spleen, and diaphragm. T. 295, 297, 299. If the wound to the lung had not been treated immediately, the injury could have been fatal. T. 295. Emergency surgery was performed after a minimally invasive procedure was used to gather information on the extent of the wounds. T. 297-98.

Andujar was indicted, tried, found guilty, and sentenced as indicated above. The Appellate Division affirmed the conviction. People v. Andujar, 290 A.D.2d 654 (3d Dep't 2002). Application for leave to appeal to the New York Court of Appeals was denied on May 10, 2002. People v. Andujar, 98 N.Y.2d 648 (2002). This action followed.

## II. Discussion

### A. Witness Testimony

Andujar contends that he was deprived of his Sixth Amendment rights when the trial court allowed the prosecution to question Thomas about his grand jury testimony. Respondent contends that Andujar's claim raises an issue solely of state law and, in the alternative, that this claim fails on the merits.

### 1. State Law Questions

The respondent's contention that Andujar's claim raises an issue solely of state law must be addressed as a threshold matter. Habeas relief is available to a state prisoner only if the prisoner's custody is found to be in violation of the Constitution, laws, or treaties of the United States. Lackawanna County Dist. Attorney. v. Coss, 532 U.S. 394, 399 (2001). Erroneous admission of evidence in a state trial rises to constitutional error only when the evidence is so fundamental to the case as to deny the defendant a fair trial and, therefore, due process of law. Patterson v. New York, 432 U.S. 197, 202 (1977). The standard to determine whether erroneously admitted evidence denied a defendant a fair trial is whether that evidence provided the basis for conviction. Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985). The error must be "crucial, critical, [and] highly significant" to deprive a defendant of his Constitutional rights. Id. (quoting Nettles v. Wainwright, 677 F.2d 410, 414-15 (5th Cir. 1982)).

Here, the testimony at issue concerned whether Thomas knew Andujar prior to the attack. Thomas testified before the grand jury that there was an altercation between himself and Andujar the day before the attack. At trial, Thomas testified that he had never seen Andujar prior to that day in court. T. 221-26. The difference in testimony related to a possible motive, but this discrepancy alone is not sufficient to provide a basis for conviction. New York allows for impeachment by prior inconsistent statement as long as the prior statement was sworn or subscribed. Lipinski v. New York, 557 F.2d 289 (2d Cir. 1992). The prior statement here was sworn testimony before a grand jury. Applied to this case, there is only an issue of state law. The trial court allowed the use of grand jury testimony to impeach Thomas' trial testimony. T. 221-226. This was proper under state

4

law and did not rise to the level of a constitutional violation.

Therefore, the petition on this ground should be denied for this reason.

## 2. Sixth Amendment

Andujar fails to allege a specific violation of his rights under the Sixth Amendment. The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to face those who testify against him and the right to conduct cross-examination. Pennsylvania v. Ritchie, 480 U.S. 39, 51 (1987) (citing Delaware v. Fensterer, 474 U.S. 15, 18-19 (1985)).

The question in regard to the Confrontation Clause is whether the defense was given a meaningful opportunity to cross-examine the witness. It is not relevant whether the admission of grand jury testimony was detrimental to the defense provided the defense was given a meaningful opportunity to cross-examine. Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986). The defense received this opportunity here. T. 227. The rights guaranteed through the Confrontation Clause were thus satisfied because the defense had the opportunity to address and remedy the issues raised when the witness' testimony was contradicted. Delaware v. Fensterer, 474 U.S. at 19; Ohio v. Roberts, 448 U.S. 56, 65 (1985). In addition, the Confrontation Clause "is not violated by admitting a declarant's out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination." California v. Green, 399 U.S. 149, 158 (1970). Therefore, Andujar's rights under the Confrontation Clause of the Sixth Amendment were not violated.

The Compulsory Process Clause of the Sixth Amendment gives a criminal

5

defendant the right to produce witnesses on his behalf.  This clause is violated when the state denies a defendant the opportunity to put a witness on the stand whose testimony is both relevant and material to the defendant's case.  Singleton v. Lefkowitz, 583 F.2d 618, 623 (2d Cir. 1978) (quoting Washington v. Texas, 388 U.S. 14, 23 (1967)).  Here, Andujar planned to call Thomas as a witness.  Andujar contends asserting that the prosecution prevented him from presenting a defense by impeaching Thomas while he was testifying for the prosecution.  However, the right of compulsory process is merely the right to present the defendant's version of the facts.  This is satisfied when a defendant has the opportunity to elicit the testimony of witnesses and to compel their attendance if necessary.  Washington, 388 U.S. at 19.  Andujar was afforded the opportunity to call witnesses and, therefore, has no basis for claiming a violation of the Compulsory Process Clause.

"The credibility of a witness may be attacked by any party, including the party calling the witness."  United States v. Eisen, 974 F.2d 246, 262-63 (2d Cir. 1992).  Thomas, as a witness for the prosecution, was susceptible to impeachment by the prosecution if his statements under oath contradicted prior sworn statements.  It is not relevant that Andujar planned to call the same witness on his behalf.  The intention of the prosecution in calling Thomas was not merely to question his credibility.  Only when Thomas' testimony directly contradicted his grand jury testimony did the prosecution call his credibility into question.  T. 221.  Once Thomas was labeled a hostile witness, his credibility as a defense witness was also impaired, but this by itself did not violate Andujar's right to present a defense.  This right is violated only when the defendant was

6

arbitrarily deprived of testimony that is relevant, material, and vital to his defense. United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). This did not occur here.

Therefore, in the alternative, the petition on this ground should be denied for this reason as well.

### B. Sentencing Based on Prior Conviction

Andujar contends that his Fourteenth Amendment rights were violated when he was sentenced as a second violent felony offender on the basis of incorrect information regarding a previous felony conviction. Respondent contends that Andujar's sentence fell within the statutory range under New York law and is therefore constitutional.

"[F]ederal courts should be reluctant to review legislatively mandated terms of imprisonment, and . . . successful challenges to the proportionality of particular sentences should be exceedingly rare." Ewing v. California, 538 U.S. 11, 22 (2003) (quoting Hutto v. Davis. 454 U.S. 370, 374 (1982)). When a party petitions for habeas corpus relief based on a sentence received in state court, the limitations placed on federal courts are even higher. An attack on the term of a state-issued sentence based on constitutional grounds presents no cognizable issue for habeas corpus relief when it falls within the range specified by state statutory law. Dorsey v. Irvin, 56 F.3d 425, 427 (2d Cir. 1995); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

Andujar was convicted of murder in the second degree on May 12, 1982, which made him a second violent felony offender in this case. Sentencing Hr'g at 6-7. Whether

7

or not Andujar shot his victim three times in the head and other details of the offense are immaterial where, as here, the offenses of conviction constituted violent felonies.

Therefore, the petition on this ground should be denied.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**; and

**IT IS ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by regular mail, upon parties to this action.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: September 24, 2004
         Albany, New York

_David R. Homer_
United States Magistrate Judge